DRISKELL, Defendant in Error, v. MATEER *et al.*, Plaintiffs in Error.

31  325
46a 572
31  325
55a 680
31  325
70a 174

1. Where a surety says to the creditor that he must make the amount of the note out of the principal and the creditor replies that he need put himself to no further trouble about the note, that he has made a present of it to the principal, it was *held*, that the surety was not released from liability, by such assurance from the creditor, unless in consequence thereof the surety changed his situation, as by surrendering security or forbearing to obtain security.

*Error to Callaway Circuit Court.*

*Boulware & Gardenhire*, for plaintiffs in error.

I. The statement made by Driskell to Jones that he was released, as the note had been given to Mateer, the principal, operated as a release. It put the surety off his guard, and may have prevented him from giving the statutory notice. It is not necessary that the surety should have been injured. It is sufficient if he might have been. (8 Pick. 122, 131 ; 23 Verm. 430, 456.)

II. The statement of Driskell to Jones that the note had been delivered to Mateer as a gift is a conclusive admission against Driskell, without reference to its truth as aforesaid ; for Jones had the right to act on it, and relax his vigilance, and the presumption is he did.

III. The delivery of the note to Mateer and notice to Jones that it was a gift, operated as a gift as to Jones, however the fact may have been as to Mateer. The instructions refused ought therefore to have been given.

EWING, Judge, delivered the opinion of the court.

This was an action on a note for one hundred dollars, executed to Driskell by Mateer as principal and Jones as surety.

The evidence was that the plaintiff, Driskell, told a witness that he had given the note to the principal ; that it had been filed with a justice of the peace, who issued summons

to the defendants, and a few days thereafter the plaintiff dismissed the suit, paid the costs and took the note, and stated that he intended to give the note to the principal ; that the plaintiff told Jones (the surety) that he was relieved from all liability on said note ; that upon Jones telling the plaintiff he wanted him to make the note off of Mateer, who was able to pay it, he (plaintiff) replied that Jones need put himself to no further trouble respecting it ; that he had made Mateer a present of it. It was also proved that after the note was withdrawn from the justice, it was by request of the plaintiff demanded of Mateer, who delivered it up, remarking that he owed the debt and was sorry he had not been able to pay it, and it was returned to the plaintiff. It did not appear how or for what purpose the note got into the possession of Mateer except as above stated.

The court instructed, on defendant's motion, that if Jones was surety on the note, and the note was delivered by Driskell to the principal, Mateer, and that Driskell at the time of the delivery intended to give and did give up the note to Mateer in discharge of the same, there should be a finding for the defendant. And, on its own motion, that the mere fact that plaintiff stated to defendant Jones that he was released, and that he need not give himself any trouble about the note, as he had delivered the note to Mateer, is not a discharge and satisfaction of the note as to Jones.

It does not appear from anything in the bill of exceptions that the defendant was placed in a different or worse situation in consequence of the conduct or declarations of the plaintiff respecting the note ; that he relinquished any indemnity or hold he may have had on his principal, or that he had or would sustain injury by reason of the maker's insolvency or otherwise. The admissions of a party to have the effect of an estoppel must have been acted on, and be such as would result in injury to the party acting upon them, if he should be allowed to disprove the truth of them. (8 Wend. 483.) See also opinion of Justice Bronson, 3 Hill. When a creditor who knows that one debtor is a surety,

gives him notice that the debt is paid by the principal and such debtor in consequence changes his situation, as by surrendering security or forbearing to obtain security when he might, or otherwise suffers loss by it, he is discharged. (Carpenter v. King, 9 Met. 517.) In this case as well as that of Harris v. Brooks, therein cited, the subsequent action of the surety in relinquishing or omitting to obtain security from the principal was treated as an essential point in any defence founded upon any assurance of exoneration given by the creditor; and that a mere assurance to the surety that he is exposed to no further liability for the debt will not protect him from a subsequent change of purpose on the part of the creditor, unless the conduct of the latter, when taken as a whole, can be shown to have resulted in producing some pointed injury. (See 2 Am. L. C. 175.)

Judgment affirmed; Judge Napton concurring. Judge Scott absent.