————o————

THE DAVIESS COUNTY SAVINGS ASSOCIATION, Appellant, *vs.* BENJAMIN K. SAILOR, JOHN BALLINGER & JOSHUA M. SAILOR, Respondents.

1. *Practice, Supreme Court—Weight of evidence.*—In civil action at law the Supreme Court will not interfere on the ground of weight of evidence.
2. *Agency—Bank Cashier—Representations of—Surety on note—Estoppel, etc.*— The general duties of the cashier of a bank are to collect notes, keep the funds arising from them and deliver up notes and other securities when paid, and in the absence of special authority he has no power to discharge the surety on a note; hence his representations to the surety that he is no longer looked to, will not bind the bank, nor will the bank be estopped from asserting its claim by reason of such assurance.

*Appeal from Livingston Circuit Court.*

*Hale & Eads, with Collier & Hicklin,* for Appellant, cited : Driscoll vs. Mateer, 31 Mo., 325 ; Clark vs. Barnett, 19 Mo., 39 ; Freliegh vs. Ames, 31 Mo., 253 ; 1 Pars. Bills ; 2 Mo., 325 ; note ; Murray vs. Judah, 6 Cow., 434 ; Seymour vs. Minton, 17 John., 169 ; Story Bills, p. 280, § 253 ; 22 Ill., 332 ; also, 12 Met., 545 ; Picot vs. Legrange, 22 Mo., 587 ; McClure vs. Bell, 45 Mo., 178 ; Sto. Ag., §§ 114, 115 ; Flickner vs. Bank of United States, 8 Wheat., 360 ; United States vs. Dunn, 6 Pet., 51 ; Bank of Metropolis vs. Jones, 8 Pet., 12 ; Espy vs. Bank of Cincinnati, 18 Wal., 604 ; Franklin Bank vs. Stewart, 37 Mo., 519 ; Cochecho Nat. Bk. vs. Haskell, 51 N. H., 116 ; Fulton Bank vs. N. Y. & Sharon Canal Co., 4 Paige, 127 ; Brown vs. City of Utica, 2 Bart., 104 ; New Eng. Fire and Mar. Ins. Co. vs. Schettler, 38 Ill., 166 ; Wright vs. Geo. R. R. & Banking Co., 34 Ga., 330 ; Dedham Sav. Inst. vs. Slack, 6 Cush., 408 ; Morse Banks & Banking, 178 ; Olney vs. Chadsey, 7 R. I., 224.

*Shanklin, Low & McDugal*, for Respondents, cited: Driscoll vs. Mateer, 31 Mo., 325 ; Baker vs. Briggs, 8 Pick., 128 ; Harris vs. Brooks, 21 Pick., 195 ; Carpenter vs. King, 9 Met., 511 ; Bank vs. Klingensmith, 7 Watts., 523 ; Hickok vs. Bank, 35 Vt., 450 ; McCallum vs. Hinkley, 9 Vt., 143 ; Chambers vs. Cochran, 18 Iowa, 167 ; Thornburg vs. Maddon, 33 Iowa, 380 ; Pickard vs. Sear, 6 Ad. & El., 475 ; Freeman vs. Cook, 2 Exch., 654 ; Cochecho Nat. Bk., vs. Haskell, 51 N. H., 116.

NAPTON, Judge, delivered the opinion of the court.

This suit was on a promissory note executed by John Ballinger and Benj. K. Sailor, to Joshua M. Sailor, and assigned by the latter to the plaintiff. This note was dated January 25th, 1872, and was payable in one month from date and bore interest from maturity at 10 per cent. per annum. The suit was against the two makers and the assignor.

The defense of Ballinger was that he was merely a security for J. M. Sailor, that on or about the 2nd day of July, 1872, he called on the plaintiff to ascertain if said note had been paid by said Joshua M. Sailor, and was informed that although said note had not been paid, plaintiff had made arrangements with said Joshua M. Sailor, by which they looked to him alone for payment of said note, and that they did not look any longer to this defendant for payment of said note, or any part thereof, and this defendant, relying upon such statements of plaintiff, did not give plaintiff notice in writing to bring suit upon said note against the said defendants, as he at the time intended to do and would then have done but for such statements ; and that, relying on these statements, the defendant, Ballinger, took no steps to secure himself against liability on said note as he would and could have done but for said statement ; that at the time said statements were made, and for several months thereafter, said Joshua M. Sailor was a resident of said county of Daviess and was solvent, and had a large amount of unincumbered real and personal property out of which this defendant could and would have secured himself fully against any liability on said note, had he not been

misled by said representations of plaintiff; that a short time before the institution of this suit said Joshua M. Sailor became insolvent and absconded, and has ever since been a non-resident of this State, and has no property out of which any part of said note could be made.

To sustain this plea, defendant Ballinger testified on the trial, that in July, 1872, he went to the bank to see Mr. Tomlin, the cashier, and asked him if the Sailor note had been paid. He said it had not, but that the bank at Chillicothe or McFerran's bank had a mortgage on Sailor's land; had been loaning him money; was carrying him, and that plaintiff would not look to him (Ballinger) any longer for the payment of the note. In consequence of these statements, defendant and witness thought no more of the matter, and he was surprised at the suit some fourteen months after the maturity of the note.

The evidence was objected to on the ground that the cashier had no right to bind the bank by such statements, and because they did not correspond with the defense set up in the answer. ·

Tomlin, the cashier, was examined on the other side, who swore that no such conversation ever occurred and that he never had any conversation whatever with Ballinger after this note was executed in July, 1872, until this suit was brought. He stated some conversations with Ballinger in 1871, in which he told Ballinger of Sailor's indebtedness to the Chillicothe bank by way of warning.

There was then evidence given as to Sailor's condition in 1871, and 1872, and his subsequent insolvency, his abandonment of the State in April, 1873, etc. It is unnecessary that this testimony should be stated, as no point arises on it.

The court gave a number of instructions for the plaintiff and also for the defendant, all based on the assumption that Tomlin the cashier, represented the bank in this interview, or alleged interview, with Ballinger. It is useless to recite these instructions as no point is made on them. On the evidence admitted the issue was a very plain question of veracity between the cashier and the defendant Ballinger, and the verdict having been for defendant, it is not proposed that we should interfere on the ground of

the weight of evidence. The only point to be considered in this court is whether the evidence of Ballinger was properly admitted, or rather, whether the statements said to have been made to him by the cashier are such statements as, without proof of special authority, would bind the bank.

The general powers of a cashier are stated in Story on Agency, § 114, and in Fletcher vs. Bank of U. S. (8 Wheat., 360.) He has no authority to bind the bank by declarations, or admissions, outside of the general line of his duty, which is to collect notes, keep the funds arising from them and deliver up notes and other securities when paid. The cashier in this case distinctly informed the defendant that the note was not paid, nor was any statement pretended to have been made, from which any reasonable man could infer that the note was paid. The statement of the cashier was that a Chillicothe bank had made loans to Sailor and proposed " carrying him," and that the plaintiff would not look to Ballinger. There was nothing in this statement from which the witness had a right to assume that the note had been paid, or otherwise secured ; on the contrary, the very reverse was stated in plain words, and the information in regard to what had been done in the bank at Chillicothe, did not give any assurances that this note had been provided for in the mortgage taken by that bank. Assuming, however, that the cashier's assurance was, that the debt was otherwise secured and that the defendant would not be troubled ; that was, as the court of New Hampshire declares in Cocheco Nat. Bk. vs. Haskell, 51 N. H., 116 ( a case cited and relied on by both parties), a mere agreement to discharge the surety, and not within the ordinary scope of a cashier's authority.

A cashier of a bank has ordinarily no power to discharge a debtor without payment, nor has he any authority to bind the bank by an agreement, that a surety shall not be called on to pay the note he has signed, or that he shall have no further trouble from it. A special authority to discharge sureties may be proved ; or the cashier may be allowed to represent stockholders generally without any regard to the usual duties of a cashier.

But there must be proof of such authority, as, upon general principles, he does not have any such powers.

There is no dispute in this case in regard to the general principles of estoppel. They are recognized by this court in Driskell vs. Mateer (31 Mo., 325). The only question for this court to decide is, how far declarations and statements by an officer of a bank, called a cashier, binds the bank, in a case where there is no evidence to show special authority. The evidence of Ballinger, without proof of special authority conferred on Tomlin the cashier, was incompetent to bind the bank. The judgment must be reversed and the case remanded.

The other judges concur ; Judges Wagner and Vories absent.