JOHN E. M. TRIPLET, Respondent, v. JOHN P. RANDOLPH *et al.*, Appellants.

Kansas City Court of Appeals, November 9, 1891.

1. **Principal and Surety :** DISCHARGE: ESTOPPEL. A creditor, who on being informed by one of his debtors known to be a surety, that the debt can be made of the principal, and that he is unwilling to remain longer liable, replied that the debt was about to be-

secured, and, if security was given, the time would be extended; but, if not given, suit would be brought, and the surety should take no further action in the matter; and later informed the surety the matter was arranged, is estopped to further hold the surety.

2. ———— : ———— : WAIVER OF WRITTEN NOTICE TO SUE.   If a creditor, knowing one of his debtors to be a surety for the other, and that he is about to give him legal notice to bring suit, by his conduct prevents the notice from being given, which, if given and acted upon, would have caused the bringing of the suit and the collection of the note, discharges the surety, though no suit is brought, and the principal becomes insolvent.

*Appeal from the Chariton Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*C. Hammond & Son,* for appellants.

( 1 )   Part of the contract of the sureties on a promissory note is the statutory right to notify the payee to sue to the principal, after an action has accrued, and, if suit is not brought within thirty days after notice, to be exonerated from liability.   The right of the payee, in this regard, is to have this notice in writing.   R. S., secs. 8343, 8344.   It is not contended that a verbal notice to sue, with nothing more, is sufficient.   It is contended that a payee may waive his right to notice in writing. Bigelow on Estoppel [ 5 Ed. ] ch. 20, p. 661, and following.   A statutory provision may be waived.   *In re Cooper,* 93 U. S. 507.   ( 2 )   Appellants as securities of McClelland were about to take steps to secure themselves from loss.   It was then in their power to do so.   They so informed respondent, and he promised them that he would arrange the matter with McClelland, and afterwards sent them word that he had arranged it.   They were thus prevented from taking steps they otherwise would have taken to secure themselves.   These facts fulfill all the conditions of estoppel by conduct, as applied to this class of cases.   *White v. Walker,* 31 Ill.

422, 437; *Baker v. Briggs*, 8 Pick. 122; *Harris v. Brooks*, 21 Pick. 195; *Bank v. Klingensmidt*, 7 Watts, 523; *Carpenter v. King*, 9 Metcalf, 511; *Hogeboom v. Herrick*, 4 Ver. 131; *Weinstein v. Bank*, 5 Am. St. 23; *Oden v. Hendrick*, 100 Mo. 538.

*R. H. Musser* and *Tyson S. Dynes*, for respondent.

(1) The neglect of the creditor to collect the bond or note from the principal debtor will not discharge the surety from his liability, unless he give notice according to the statute. *Cain v. Bates' Adm'r*, 35 Mo.427; *Petty v. Douglass*, 76 Mo. 70; *Miller v. Mellier*, 59 Mo. 388; *Langdon v. Markle*, 48 Mo. 357; *Osborne & Co. v. Lawson*, 26 Mo. App. 549. (2) There is no waiver of the notice required by the statute. To waive a statutory right, the parties must make a new contract based upon some new consideration. This contract cannot be made by estoppel; nor can a promise or executory obligation be made subject of estoppel. *Hosea v. Rowley*, 57 Mo. 358; *Osborne v. Lawson*, 26 Mo. App. 349. (3) It is no defense to this action that plaintiff promised to take other security. If the sureties had desired anything of that kind they should have taken it for themselves. (4) To constitute an estoppel by conduct, the respondent must have asserted or represented some fact which his mouth is stopped from denying, and, on these assertions, the appellants must have acted to their detriment; and the facts must have been some fact of respondent's peculiar knowledge. "The first element of estoppel by conduct is that there must have been a false representation or a concealment of natural facts." *St. Louis v. Lumber Co.*, 98 Mo. 613. (5) The elements of equitable estoppel are: "*First.* There must have been a false representation or concealment of actual facts. *Second.* The representation must have been made with knowledge of the facts. *Third.* The party

to whom it was made must have been ignorant of the truth of the matter. *Fourth.* It must have been made with the intention that the other party should act upon it. *Fifth.* The other party must have been induced to act upon it." *Blodgett v. Perry*, 97 Mo. 273. (6) An estoppel *in pais* is a moral question. *Delaplains v. Hitchcock*, 6 Hill, 17. This doctrine of estoppel always presupposes error on one side and fault or fraud upon the other. *Morgan v. Railroad*, 96 U. S. 716; *Galbreath v. Newton*, 30 Mo. App. 380.

ELLISON, J.—Randolph and Riddle were sureties on a promissory note given to plaintiff by McClelland. Plaintiff has sued all three. The sureties filed an answer which was not considered by the court as a defense, and judgment was rendered on the pleading for plaintiff. The sureties appeal.

The answer is subject to criticism for lack of clearness, but it sets up matter which may be divided into two defenses, *first*, that plaintiff by his conduct had waived the statutory thirty days' written notice to sue ; and, *second*, that plaintiff had caused them to forego securing themselves at a time when they could have done so. That, McClelland afterwards becoming insolvent, they were unable to protect themselves. The latter defense, in our opinion, is good. In *Carpenter v. King*, 9 Metcalf, 511, it is decided that when a creditor, who knows that one of his debtors is a surety, tells the surety that the debt has been paid, and in consequence the surety forbears obtaining security which he might and would have obtained but for such information from the creditor, he is discharged. See also *Driskill v. Mateer*, 31 Mo. 325. This principle is directly applicable to this case. The answer when taken as a whole alleges in substance that Randolph and Riddle went to plaintiff and told him that the note could then be collected from McClelland ; that they were unwilling to remain longer liable ; that plaintiff in reply assured

them that McClelland had promised to give him security on real estate, that if he did so plaintiff would give him further time, that if he did not do so, or otherwise arrange the matter, plaintiff would at once proceed to collect the note, and that it would not be necessary for them to take any further action in the matter ; that plaintiff afterwards sent them word that they need not be uneasy about the note as he "had arranged the matter with McClelland ;" that, but for being thus misled they could have secured themselves against loss on account of the note; that McClelland afterwards became insolvent, and that plaintiff is estopped from claiming anything from them. This we think constitutes a good defense.

II.   We are not satisfied as to that portion of the answer referring to the failure to give the thirty days' written notice, but, as the case is to be remanded, it is not necessary to go into an extended criticism ; and, as it may be amended so as to be made more definite and certain as to what was said and done by the parties with reference to a notice, we will add that if the sureties told plaintiff that they intended to give him written notice to commence suit on the note, and he replied to them that McClelland was going to secure it ; that, if he did not do so, or otherwise satisfactorily arrange it he, plaintiff, would proceed at once to collect; and, that afterwards he sent them word that he had arranged the matter satisfactorily ; and, in consequence of this, they failed to give the notice which they otherwise would have given, and that the note could have been collected from McClelland if suit had been commenced and diligently prosecuted, but could not afterwards be collected on account of McClelland becoming insolvent,—in other words, if the creditor, knowing one of his debtors to be a surety for the other, and that he was about to give him legal notice to bring suit, by his conduct prevents the notice from being given, which, if given and acted upon, would have caused the bringing

of the suit and the collection of the note, but which not being done, and the principal becoming insolvent, it cannot afterwards be collected, discharges the surety. Such condition of the case, it seems to me, would meet the necessary requisites of an estoppel.

The judgment is reversed and the cause remanded. All concur.