T. H. MARSHALL, Respondent, v. BANK OF ARCHIE et al., Appellants.

### Kansas City Court of Appeals, May 30, 1898.

1. **Banks and Banking:** POWER OF CASHIER : LOOKING AFTER HOTEL PROPERTY : MECHANICS' LIENS. In the absence of express authority a bank cashier can only act for the bank in the line of the ordinary duties of the cashier and the management of hotel property including repairs, etc., is not in the line of such duty but the corporation by its course of conduct with the cashier may clothe him with such power as to bind the property with a mechanics' lien.

2. **Mechanics' Liens:** FENCES AND SIDEWALKS : CONTRACT : PLEADING. In order to secure a lien on fences and sidewalks they must be included in the one contract for the improvement of the building and the petition should so allege.

*Appeal from the Cass Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

D. C. BARNETT and BURNEY & BURNEY for appellants.

(1) The cashier had no authority by virtue of his office to contract for buildings and improvements the construction of which created a lien on the bank's property without the express assent of the board of directors. Morse on Banks, 152; 6 Thompson on Corp., secs. 4739–4761; U. S. v. Bank, 21 How. 360; U. S. v. Dunn, 6 Pet. 51; Leggett v. Banking Co., 23 Am. Dec. 728; Hoyt v. Thompson, 5 N. Y. 320; Bank v. Bailhache, 65 Cal. 329; Shryock v. Baschore, 82 Pa. St. 159; Winsor v. Bank, 18 Mo. App. 665; Hyde v. Larkin, 35 Mo. App. 365; Bank v. Hughes, 62 Mo. App. 580; Crawford v. Bank, 67 Mo. App. 43. (2) There were items included in the account which were not lienable under the pleadings and the evidence. The proof showed that these items of the account did not go into the improvement of the hotel. Fitzgerald v. Thomas, 61 Mo. 499; Lemley v. Steel Co., 65 Mo. 545; Coal Co. v. Ryan, 48 Mo. App. 512; Grace v. Nesbitt, 109 Mo. 9. Neither the petition nor the account asks a lien for materal furnished for sidewalks, barn, privy nor cistern; yet the court allowed judgment for these items without proof of their contiguous location and without evidence of any contract therefor. This was error. Henry v. Plitt, 84 Mo. 237.

NOAH M. GIVAN and EDWARD O. JACKSON for respondent.

(1) The cashier of an incorporated bank is the general executive officer to manage its affairs in all things not particularly committed to the directors, and he is the agent of the corporation. And if the directors, either through inattention or otherwise, suffer the

cashier to authorize a particular line of conduct for a considerable period, the bank will be bound by its acts.    Boone on Banking, secs. 103, 118, 124.    (2)    A principal can not receive and retain the benefits of a transaction, and at the same time deny the authority of the agent by whom it was consummated.    Akers v. Bank, 63 Mo. App. 320; Parsons v. Savings Co., 64 Mo. App. 35; St. Louis v. Davidson, 102 Mo. 150; Rosenberger v. Jones, 118 Mo. 565.    (3)    The statute gives a lien upon a lot and buildings thereon for material used in the construction of sidewalks, fences, digging trenches, out-buildings, etc., where they are constructed under one contract or transaction.    Dugan v. Gray, 114 Mo. 497, overruling same case in 43 Mo. App. 671; Henry v. Plitt, 84 Mo. 237.    (4) Judgments are now tested by substance rather than by the measure of any particular draft or form.    Freeman on Judgments, sec. 47; Farley Bros. v. Cammann, 43 Mo. App. 174.

ELLISON, J.—This action is to enforce a mechanics' lien against hotel property in the town of Archie, Missouri.    The plaintiff had judgment in the trial court for his account and for the enforcement of his lien.

The property belonged to the defendant, the Bank of Archie, and the contract upon which the account and the lien is founded was for repairs of the hotel made under a contract made by the cashier in the name of the bank.    The chief question relates to the authority of the cashier to bind the bank, it being conceded that there was no express authority from the directory for him to make the contracts for the improvements. In the absence of express authority a bank cashier can only act for the bank in the line of the ordinary duties of a cashier.    Winsor v. Bank, 18 Mo. App.

BANKS and banking: power of cashier: looking after hotel property: mechanics' liens.

665; Bank v. Hughes, 62 Mo. App. 576; Savings Ass'n v. Sailor, 63 Mo. 24. It is evident that the management of hotel property, including the renting and repair of the same is not in the line of the duty of the cashier of a bank. Winsor v. Bank, *supra;* Savings Bank v. Hughes, *supra.* But it is equally true that a bank may by a course of conduct with its cashier clothe him with authority he would not have without such conduct. If it for a long time permits its cashier to engage in certain dealings for it which are outside of his duties and beyond his ordinary powers as such officer, it will be bound by his acts notwithstanding it has never given any express authority. Winsor v. Bank, *supra.*

Applying this latter statement of the law to the facts of this case we find enough to justify the trial court in concluding that the cashier had authority to bind the bank. The hotel property had been a security to the bank for indebtedness due the bank and had been bought in by the bank about eighteen months or two years prior to the contract with plaintiff. That the cashier had had the control of the renting and management thereof for the bank since that time. This was evidence tending to show a continued acquiesence by the bank in the authority exercised by the cashier. The bank in all this time of the cashier's open acts of authority over the property must be presumed to have known it and to have ratified the authority exercised by him. We said in Windsor v. Bank, *supra,* that a corporation might "by a course of conduct with its officers and the public, give them authority, and confer upon them powers they would not have as such officers, but for the usages of the corporation." And this is applicable to the case here. No declarations of law were asked and the case was submitted to the court on the evidence. We must assume in favor of the judgment that the court found the acts of the cashier had

been taken with the knowledge and authority of the bank as indicated herein.

Under the decision of the supreme court in Henry v. Plitt, 84 Mo. 237, and McDermott v. Claus, 104 Mo. 14 (see also Stone Works v. Brown, 50 Mo. App. 407) in order to secure a lien for fences and sidewalks, the contract therefor must have been let with the contract, as one entire contract, for the improvement on the building. This as we have before stated is the holding of the supreme court. We are of the opinion, that accepting this view of the law it should have been alleged in plaintiff's petition that the contract for improvement of the hotel building included the building of sidewalks and other improvements on the premises contended for, which were not a portion of the building. It was not so alleged. For the error therefore in allowing a lien for that part of the account entering into such improvements the judgment will be reversed and cause remanded. All concur.