JANUARY 1830.

## Teague v. Russell and Moore.

1. No relief can be obtained against usury, in equity, where the party has omitted to plead it at law, and shews no excuse for the failure.
2. To a sealed instrument, an unsealed release is no defence at law.
3. Nor is it in equity, unless founded on valuable consideration.
4. But where a security to a sealed note was discharged by the payee, by an unsealed writing, and induced to believe for several years that he was discharged, and until the principal became insolvent, it amounts to a fraud on his rights, and equity will relieve.
5. Where at law the defence would be doubtful or difficult, equity can take jurisdiction.
6. The assignee of a bond transferred after due, takes it subject to all equitable defences.

James Teague filed his bill in Chancery in Franklin Circuit Court, against J. Russell and W. Moore. The bill charged that on the 17th of February, 1817, the complainant and one Byrd, borrowed of Russell $400 for twelve months, at ter per cent. interest; that the complainant borrowed $150, and Byrd $250; that complainant gave his note under seal for $165, for the repayment, with Byrd as security, and Byrd gave his for $275, with the complainant as security; that on the 12th of March, 1818, the complainant paid off his note, and took it up, and Russell gave him a receipt in writing for the money, and in the same instrument expressly released him from liability on the note signed as Byrd's security; that Russell was about to tear off the name of Teague from the note, but on reflection declined so doing, lest it might destroy the validity of the note as to Byrd also, and then gave the written instrument as aforesaid. He charges that Byrd was then well able to pay, and that on the faith of this acquittance, he rested satisfied, and did not attempt to indemnify himself against the consequences of his securityship, which he might have done, had he not been discharged, as Byrd was for several years afterwards solvent, and in good circumstances. It is further charged, that Russell afterwards assigned the note to Moore, who sued the complainant on it at law, several years after it fell due, notwithstanding the release; which was the first notice he had of the transfer, and of the intention to look to him for it; and that the complainant endeavored to defend the action, but failed, because the release was not under seal, and formed no defence at law. The complainant also charges that he is uncertain if Moore had notice of the release

before the transfer, he believes he had, but that if Russell <span>JANUARY 1830.</span> transferred it to him without disclosing the fact of the release, that he committed a fraud on his rights. It is also charged that Byrd has become entirely insolvent. The prayer of the bill is for a perpetual injunction against the judgment, and for general relief.

<div style="float:right">Teague<br>v.<br>Russell &<br>Moore.</div>

The defendants demurred to the bill, and at March term, 1828, the demurrer was sustained, and the bill was dismissed; and this is assigned for error by Teague in this Court.

KELLY & HUTCHISON for the appellant, argued, that the note being under seal, no defence at law could be made; that the release being unsealed, it would not sustain a plea of release, and therefore the complainant should be relieved in equity. That in equity it amounted to a fraud on the rights of Teague, to give him assurances that he would not be looked to, and after a great lapse of time to seek to enforce the demand, when he had no means of securing himself; that he had not neglected his defence, but had attempted to make it available at law, but could not there succeed; and that he was certainly entitled to relief somewhere.[a]

<div style="float:right">a 4 John's C.<br>R. 22. 5<br>John's, C. R.<br>44, 17 John's<br>384. 10 Johns<br>587. 19 Johns<br>129. 14 Johns<br>330. Minor's<br>Al. R. 118.</div>

HOPKINS and W. B. MARTIN for the appellees, argued that if any benefit could be derived from the release, it was in a Court of law; and that when the remedy was at law, a demurrer to the bill was proper. But that the pretended release was void in all Courts; that it was made without consideration; that equity would not enforce a mere voluntary defective agreement.[b]

<div style="float:right">b 2 Maddox,<br>170, 171, 288,<br>385. 6 John's<br>C. R. 87, 4 J.<br>C. R. 497. 2<br>J. C. R. 557.<br>Pothier on<br>Obligations,<br>17, 20, 21.<br>Laws of Ala.<br>491, 493. 1 J.<br>Cases 492.<br>9 Wheaton.</div>

By JUDGE COLLIER. The questions for our decisions, are these:

1. Do the facts disclosed in the plaintiff's bill, interpose a bar to a recovery, by the defendant Moore.

2. Supposing the question to be answered affirmatively, is it competent for equity to administer relief?

These questions are so closely blended, that for the sake of perspicuity, we will consider them together. It is no objection to the recovery of the sum expressed in the bond, that a larger per centum, by way of interest, was reserved, than the law authorized; for it will be observed, that at the time the bond was executed, the reservation of usurious interest did not operate as a forfeiture of the principal;

JANUARY 1830.

Teague
v,
Russell &
Moore.

a Laws of Ala
1805, p. 442.

b Scott v. Nes
bit, 2 Bro. C.
C. 641.

c Minturn v.
Seymour, 4
John. Ch. R.
497.

the recovery of the interest alone, was barred by law;[a] and it was not until the statute of 1819 was passed, that usury avoided a contract *in toto*.

Had the plaintiff shewn usury on the trial at law, he could have avoided the payment of interest; but having failed to do so there, and not offering by his bill, any excuse for the omission, the defence cannot be entertained in equity. And even where the usury goes to avoid the contract at law, the omission to plead it, forms no ground for the interference of Chancery, [b] though the lender is placed in a better situation, when the defence is made in equity, than he would be if it were made at law: because usury in the one Court creates a forfeiture of the excessive interest only; in the other, of both principal and interest.

The facts disclosed by the plaintiff's bill, do not constitute a legal release; and had they been proved, would not have sustained a plea of release. It is essential to the validity of that plea, that the discharge relied on, should be under seal, especially where the action is founded on a specialty, according to the common rule, *eodem modo quo oritur, eodem modo dissolvitur*. Understanding it then as confessedly clear, that the acquittance relied on is not a sufficient release at law, it is material to inquire whether equity can perfect it. If it was founded upon a valuable consideration, Chancery, upon the rule that it decrees defective agreements to be consummated, according to the intention of the parties, where the consideration is valid, would give to the plaintiff the benefit of it. But no consideration is alleged; we must therefore suppose that the acquittance was gratuitously made, and consequently cannot give to the plaintiff its benefit.[c]

There is, however, another feature in the cause, which merits consideration. The parol discharge of the plaintiff by Russell, it is alleged in the bill, dissuaded the plaintiff from taking steps to have a collection of Byrd's notes coerced, or from obtaining an indemnity against his liability as surety, which he might have done, had he believed that he would have been resorted to for payment. These facts are admitted by the demurrer. If the plaintiff was induced from the representations of Russell to believe that he would not be called on for the payment of Byrd's note, (and these representations were such as reasonably to induce that belief,) it is a fraud on the plaintiff, now to attempt to force him to pay it. We will not say that a plea, disclos-

ing these facts, would not be sustained at law. That is a point, which to maintain the jurisdiction of this Court, it is unnecessary to consider. If the defence was difficult or doubtful at law, it is compatible with the principles on which Chancery interferes, to administer relief. It is believed, that by the application of this principle, the jurisdiction of equity is sustainable.

The circumstance of the acquittance being by parol, together with the complexity of the fraud, and the proof by which it must necessarily be sustained, would greatly embarrass a defence at law.[a] Again, the variety of decision with regard to the causes for which sureties are discharged, and the tribunals in which they are to be made effectual, render somewhat doubtful a legal defence.

The plaintiff at law became the assignee of the bond after it fell due, and is consequently placed in the same situation as the payee; and any defence which would be available against the latter, may be made against the bond in his hands.

The decree of the Court below is reversed, and the cause remanded, that the defendants may answer the allegations of the bill.

By JUDGE CRENSHAW. In this case, I am of opinion that equity has no jurisdiction, on the ground, that the matter of equity insisted on in the bill, was available in defence to the action at law.

Reversed and remanded.

JUDGE PERRY not sitting.

*JANUARY 1830.*

Teague
v.
Russell and
Moore.

[a] Gallatin v.
Cunningham
8 Cowen 371,
per Woodworth, J. 18
Vesey, 483.