## JAS. S. BENNETT v. C. CARSNER.

(No. 31, Tex. L. J., vol, 1, p. 70.)

APPEAL from Victoria County. Opinion by WINK-LER, J.

§ 618. *Negotiable instruments; indorsement after maturity; set-off.* The note sued on was executed by Bennett to D. Alexander & Bro., the 3d of July, 1873; was due at three months, and was indorsed by Alexander & Bro. to Carsner, on the 1st or 2d of January, 1874, nearly three months after maturity.

The note pleaded in set-off was executed by D. Alexander & Bro. to Isaac Davidson, on the 10th of June, 1873; was due at twelve months, and indorsed by Davidson to Bennett not long after its execution and before maturity, Bennett paying for the note in houses. Bennett was in possession of this note at the time he was notified that the note he had executed to Alexander & Bro. (the one sued on) had been transferred to Carsner, and when the latter presented the note for payment, on the 26th of January, 1874, he refused to pay it, and exhibited the note he held, and claimed that it should set off the note sued upon. It is true the evidence shows that at that time (26th January, 1874) the note offered in set-off had not then been indorsed to Bennett. But Bennett was in possession of the note, and the evidence shows that, although not then indorsed, Bennett had nevertheless before that time purchased and paid for it, so that it was equitably his, and the subsequent indorsement was but evidence of what had previously been done.

§ 619. *Discounts and set-offs.* Any person to whom a negotiable instrument may have been assigned may thereupon maintain any action in his own name which the original obligee or payee might have brought; but he shall not only allow all just discounts against himself, but if he obtained the same after it became due, he shall also allow all just discounts against the assignor before

notice of the assignment was given to the defendant. [Pas. Dig. art. 221.]   The act concerning discounts and set-offs [Pas. Dig. art. 3445] permits a defendant, when sued for any debt due by bond, bill or otherwise, to make all discounts he can against such debts, and may in any case plead any legal discount or set-off which he may have up to the time of making his defense, according to the rules of pleading.   There can be no doubt that appellant held this set-off note at and before the time he was required to plead; nor can there be any doubt that the note comes up to the legal test of a set-off, to wit, that the holder could at the time of pleading it have maintained an independent suit upon it in his own name.   It was then past due and he was the legal holder.

§ **620.** *Negotiable notes; equities of original parties to.* In equity it is held that to cut off the equities of the original parties to a promissory note in the hands of a third person, the holder must not have received it in payment of an antecedent debt, but he must have parted with something for it at the time, or incurred responsibility to a third person on the credit of it.   When an indorser of a note takes it in payment of a pre-existing debt, he takes it subject to prior equities in favor of the maker.   The assignee of a negotiable note, who takes it overdue, and under circumstances sufficient to put him on inquiry, takes it subject to all equities to which it was subject in the hands of the previous holder.   [Ingerson v. Starkweather, Walk. (Mich.) 34;  Ingham v. Vaden, 3 Humph. 51;  Reed v. Warner, 5 Paige, 650;  Teague v. Russell, 2 Stewart, 420;  Frazier v. Edwards, 6 Dana (Ky.), 538;  Hunt v. Sandford, 6 Yerg. 387;  Bryan v. Prim, 1 Ill. 33.]

The verdict and judgment are contrary to the law and the evidence.

January 27, 1877.                Reversed and remanded.