NATHANIEL DICKEY, Respondent, v. JOSEPH J. HEIM, Appellant.

Kansas City Court of Appeals, February 8, 1892.

1.  **Res Adjudicata:** SAME OR DIFFERENT CAUSE OF ACTION : CON-CLUSIVENESS.  If the last of two suits is for the same cause of action as that submitted in the first suit then the judgment in the first is a conclusive bar not only as to every matter which was offered or received to sustain or defeat the claim or demand, but as well as to any other admissible matter which might have been offered for that purpose.  But, where the second action between the same parties is upon a different claim, the judgment in the prior action operates as an estoppel only as to those matters in issue, upon the determination of which the verdict was rendered.

Dickey v. Heim.

2. —— : EXTENSION OF LEASE. Plaintiff brought his action for rent under a lease for one year with privilege to the lessee to extend it at its termination for two years more ; and the issue on the trial was whether defendant had availed himself of his option to extend. Plaintiff, to show the extension by defendant, offered the account for two months' rent within the period of extension filed in the justice's court by him against the defendant, and the judgment was rendered thereon by default for the plaintiff. *Held*, after examining the account and docket entries of the justice, that they were not, in themselves, without extrinsic evidence, sufficient to conclude the defendant on the question of his extension of the lease.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

REVERSED. AND REMANDED.

*Warner, Dean & Hagerman* and *Hugh C. Ward,* for appellant.

( 1 ) The general rule is well established that a judgment in a former action, when offered in evidence in a subsequent action between the same parties upon a different demand or cause of action growing out of the same transaction, operates as an estoppel or bar only upon the matter in issue and determined in the former action. If the pleadings and judgment in the former action do not disclose the precise point or question litigated and determined, the party who seeks to avail himself of the judgment in the former action as a bar or an estoppel must prove by extrinsic evidence the precise question or point in issue and decided. *Cromwell v. Co.*, 94 U. S. 353 ; *Davis v. Brown*, 94 U. S. 423 ; *Russell v. Place*, 94 U. S. 606 ; *Zoeller v. Riley*, 100 N. Y. 102 ; *Offutt v. John*, 8 Mo. 121 ; *Ridgley v. Stilwell*, 27 Mo. 128 ; *Clemens v. Murphy*, 40 Mo. 122 ; *Spradling v. Conway*, 51 Mo. 51 ; *Murphy v. DeFrance*, 101 Mo. 151 ; *Tutt v. Price*, 7 Mo. App. 194 ; *Sloan v. Price*, 10 Rep. 601 ; *Howlett v. Tarte*, 10 C. B. 813.

*Karnes, Holmes & Krauthoff*, for respondent.

(1)  "A former judgment is conclusive not only of the thing directly decided, but of every fact which was essential to the adjudication.  A judgment that a plaintiff is entitled to compensation for an alleged wrong is not merely a judgment that so much is due, but is also a judgment in favor of the right or title set forth by the plaintiff, and against that opposed to it or relied upon by the defendant.  And although this may be in one sense a mere inference or presumption, still it is a necessary inference which cannot be controverted." 1 Herm. on Estop. [2 Ed.] p. 264 ; *Beloit v. Morgan*, 7 Wall. 619.  Referring to the case of *Cromwell v. Sac Co.*, so much relied on by counsel, the supreme court of the United States held that a recovery of one installment under a contract providing for successive installments was conclusive of the plaintiff's right to recover all subsequent installments.  *Lumber Co. v. Buchtel*, 101 U. S. 636.  Our own supreme court has directly decided the same point.  *Edgell v. Sigerson*, 26 Mo. 583 ; *Bradley v. West*, 68. Mo. 69, 71, 72.  "A construction of a contract once fixed by a decree of court is *res judicata* between the parties to the decree." *Buchanan v. Smith*, 75 Mo. 463 ; *Burlen v. Shannon*, 99 Mass. 200 ; *Morris v. Horrell*, 35 Mo. 467, 471 ; *Tuska v. O'Brien*, 68 N. Y. 446, 449 ; *School Trustees v. Stocker*, 42 N. J. Law, 115, 117 ; *Railroad v. Cobb*, 82 Ill. 183.  Accordingly, a recovery for one installment of rent under a lease is conclusive evidence of the right of the plaintiff to recover a subsequent installment upon all the points which it was necessary for the plaintiff to prove in order to obtain the former recovery.  *Love v. Waltz*, 7 Cala. 250 ; *Hoskin v. Mayor*, 11 Hun, 436, 438 ; *Morse v. Elms*, 131 Mass. 151, 152.

GILL,  J.—Defendant  Heim  by a  written  lease rented  from  plaintiff  Dickey  a  certain  building  in Kansas City for the period of the period of one year ending July 1, 1887.   By a stipulation in the lease Heim had at the end of the year the privilege to extend the same two years longer, but at an increased rental.   The rent in all cases was to be paid monthly in advance.   The building was occupied as a saloon by different parties holding under Heim who supplied these subtenants with beer.   The rent was paid, but with some irregularity, until the spring of the year 1888, when Dickey brought suit against Heim for the rent due for April and May of that year.   Heim made default in that suit, and plaintiff Dickey recovered a judgment before the justice of the peace, and this judgment was paid.

This present action is for the rent of December, 1888, and January and February, 1889, the rent to December 1, 1888, having been paid.   Plaintiff's position was, and is, that defendant elected to extend the lease from July 1, 1887, to July 1, 1889, and, therefore, that defendant continued under the lease liable to him (the plaintiff) for the rent until the said July 1, 1889.   Defendant took the position that his obligation to pay rent terminated with the first rental year; in other words, that he never elected to continue the lease after July 1, 1887.   To sustain the contention that the written lease had been extended, plaintiff relied on the judgment for the rent of April and May, 1888.   The  circuit court sustained this  contention and  gave to the  jury the following instruction :  "The jury are instructed that the judgment rendered by Justice Allen in June, 1888, is conclusive proof that the  defendant accepted the privilege of extending  the  lease with  plaintiff for two  years from July 1, 1887,  although the defendant may not have been personally served with summons, and although said judgment was rendered by default, if said judgment was  rendered  for  rent  accruing  during  the  period

between July 1, 1887, and June 1, 1888." The verdict and judgment were for plaintiff and defendant appealed.

As to what effect a prior judgment may have on a subsequent action between the same parties depends somewhat as to whether the second suit is for the same or a different cause of action. If the last suit is for the same cause of action as that submitted in the first suit, then a judgment in the first is a conclusive bar, "not only as to every matter which *was* offered and received to sustain or defeat the claim or demand, but as well as to any other admissible matter which might have been offered for that purpose. * * * But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." *Cromwell v. Sac Co.*, 94 U. S. 353. We have here in the case at bar an instance of the latter kind, to-wit: Where the latter suit, though possibly growing out of the same transaction, is yet for a different cause of action than that in the first action. If then any matter in issue, and which was tried and determined in the former action, is now involved in the present litigation, then such matter so determined in the prior action will be deemed finally and conclusively settled as between these litigants, and both parties will be estopped from asserting the contrary.

Now follows the question: Was it shown at the trial below that in the first action of Dickey *v.* Heim

(judgment wherein was rendered in June, 1888), the matter was tried and determined, to-wit, that Heim had made his election and continued the written lease for the two years after July 1, 1887. The only matter introduced by the plaintiff which tended to show what was determined in such former action is the justice's judgment and copy of complaint or account filed with the justice. The judgment and record entries of the justice did not indicate the nature of the controversy then had between Dickey and Heim. It is only stated in the justice's docket that it was a suit on account for $144. The complaint so filed with the justice was as follows:

KANSAS CITY, Mo., May 26, '88.

Joseph J. Heim to N. Dickey for rent of store corner, Third street and Grand avenue.

| | |
|---|---|
| To balance due for April | $ 40.00 |
| To rent for May | 80.00 |
| Bills rendered for repairs of plumbing | 24.00 |
| | $144.00 |

The foregoing account sued on along with the justice's docket comprised all the evidence as to what issues were tried in the first action. Was the trial court warranted by this meager showing in telling the jury that such was "*conclusive proof*" that the defendant accepted the privilege of extending the lease with plaintiff for two years from July 1, 1887?" We think not. The court in effect declared to the jury that such former action of Dickey *v*. Heim was based upon the lease, whereas there was no such statement in the justice's judgment nor in the complaint filed with the justice. The most that can be claimed is that it was a suit for *rent* of the property mentioned. This did not necessarily mean that the rent was due because of a written lease between the parties. Neither was there any evidence outside the judgment and complaint to explain this ambiguous record and to show just what particular fact or facts formed the basis of recovery in said former suit. Before a former judgment can be used as

a bar or estoppel in a subsequent suit "it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit. *An estoppel must be certain to every intent;* and if upon the face of the record anything is left to conjecture as to what was necessarily involved and decided there is no estoppel in its pleader, and nothing conclusive in it, when offered in evidence." *Russell v. Place*, 94 U. S. 606.

It is not enough that it may be *argumentatively inferred* from the judgment that the point was involved in the former case. *Ridgley v. Stilwell*, 27 Mo. 132 ; *Offutt v. John*, 8 Mo. 124. "A verdict and judgment are conclusive by way of estoppel only as to those facts which were necessarily involved in them, without the existence, proof or admission of which such a verdict and judgment could not have been rendered." It is denominated a reasoning backward from the judgment to the basis on which it stands," upon the obvious principle, that where a conclusion is indisputable and could have been drawn only from certain premises the premises are equally indisputable with the conclusion." *Burleu v. Shannon*, 99 Mass. 203.

Judgment reversed and cause remanded. All concur.