CENTRAL SAVINGS BANK, Defendant in Error, v. MARY DANCKMEYER, Plaintiff in Error.

Kansas City Court of Appeals, April 5, 1897.

1. **Principal and Surety:** DISCHARGE OF SURETY: EVIDENCE. The act of the payee that discharges the surety must be one that causes the surety to do or fail to do something he would otherwise have done and there must be evidence to that effect; and the mere fact that a bank accepted from the principal a note with the surety's name forged in renewal of their former note, which the bank marked paid, and the principal showed the note so marked to the surety, will not, without evidence that the surety changed his situation to his prejudice by reason thereof, discharge him.

2. ————: ELECTION OF REMEDIES: SUIT ON FORGED NOTE. In a suit by the payee against the surety, the election of remedies finds no application; and the fact that the plaintiff had brought a former suit on a forged note renewing the note in suit, will not defeat an action on the original instrument.

*Error to the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

AFFIRMED.

*John F. Imel* and *Brown & Pratt* for appellant.

(1) We maintain that it was the duty of the plaintiff on learning of the forgery to elect which remedy it would pursue; whether on the original debt,

and tender the discount or profit of the forged note, or whether it would keep the ten per cent discount and sue upon the forged note. *Mason v. Jacob*, 93 Mo. 331; *Johnson v. Bank*, 116 Mo. 558. It elected the latter remedy, kept the profit of the transaction, and never offered to tender, credit, or in any way pay back the benefit it received from the discount of the forged note until the trial of this case four years afterward. This estopped the bank from recovering on the original note or debt. *Ellerbe v. Bank*, 109 Mo. 445–469. (2) The defense of waiver by election arises when the remedies are inconsistent, as when one action is founded upon an affirmance, and the other on a disaffirmance of a voidable contract. And decisive action, if done with knowledge of the facts, determines the legal rights of the parties. *Conninham v. Thompson*, 111 Mass. 272; *Crossman v. Rubber Co.*, 127 N. Y. 37. (2) The agreed statement of facts admitted that Danckmeyer was surety for Steffens, and that the bank had knowledge of the fact. If Danckmeyer was injured or prejudiced—during the interval between the maturity of the original note and the death of Steffens—because he was deceived by the bank's negligent action in delivering up said note and marking it paid, then Danckmeyer was released on said note. Defendant offered to prove that during such interval the amount of the note could have been made out of Steffens. *Baker v. Briggs*, 8 Pick. (Mass.) 123; *Brooking v. Bank*, 83 Ky. 431; *Carpenter v. King*, 9 Met. (Mass.) 511; *Teague v. Russell*, 2 Stew. (Ala.) 420; *Waters v. Creagh*, 2 Stew. (Ala.) 410; *Whitaker v. Kirby*, 54 Ga. 277.

*H. K. White* for respondent.

(1) The acceptance by plaintiff of the renewal note with name of Charles Danckmeyer, forged thereon,

did not constitute a payment of the original and genuine note executed by him. Daniel on Negotiable Paper, sec. 1266b; *Kincaid v. Yates*, 63 Mo. 45; *Goodrich v. Tracy*, 43 Vt. 315; *Bank v. Wentzell*, 24 Atl. Rep. 1087; *Ritter v. Singmaster*, 73 Pa. St. 400. (2) Under the form of note sued upon, the relation of principal and surety between Danckmeyer and Steffens is immaterial in this action. *Picot v. Signiago*, 22 Mo. 587; *McMillen v. Parkell*, 64 Mo. 286, *loc. cit.* 288. (3) The doctrine of election of remedies has no application to this case. *First*, because the remedies are not inconsistent. *Cohn v. Lehman*, 93 Mo. 574; *Nelson v. Wallace*, 48 Mo. App. 193; *Grier & Co. v. Dockstader*, 47 Mo. App. 42. *Second*, because the two suits did not grow out of the same transaction, and because the failure to pursue the right remedy in the first suit did not bar plaintiff from pursuing its remedy upon the oldest note. 2 Van Fleet on Former Adjudication, secs. 445 and 446; Bigelow on Estoppel [5 Ed.], p. 722; *Comstock v. Eastwood*, 108 Mo. 41, *loc. cit.* 50; *Guin v. Smur*, 49 Mo. App. 361; *Soap Works v. Sayers*, 51 Mo. App. 310; *Norton v. Huxley*, 79 Mass. 285, *loc. cit.* 290; *Walker v. Davis*, 67 Mass. 506; *Harding v. Hale*, 68 Mass. 399; *Miller v. Hyde*, 37 N. E. Rep. (Mass.) 760; *Sager v. Blain*, 44 N. Y. 445; *Shebel v. Strong*, 128 Pa. St. 315, *loc. cit.* 322; *Scheder v. Eckenrode*, 87 Pa. St. 213; *Bunch v. Graves*, 12 N. E. Rep. 514, *loc. cit.* 517; s. c., 111 Ind. 35.

ELLISON, J.—The following agreed statement of facts contains a sufficient statement of the case:

"That on or about the twenty-second day of May, 1890, Carl Steffens, now deceased, and Charles Danckmeyer, executed and delivered to said bank their promissory note, of which the following is a copy:

STATEMENT.

" '$700.          St. Joseph, Mo., May 22, 1890.

" 'Four months after date, we, as principals, promise to pay to the order of the Central Savings Bank of St. Joseph, seven hundred dollars, for value received, at the office of said bank, in St. Joseph, Mo., with interest at the rate of ten per cent per annum after maturity.  Due September 22-25.

" 'No. 384.          (Signed) Carl Steffens,
" ' '(Signed) Charles Danckmeyer.'

"That as between said Steffens and Charles Danckmeyer, Steffens was principal in said note, and Charles Danckmeyer was surety for said Steffens, which fact was known to plaintiff; that the said Carl Steffens received from said bank the sum of seven hundred dollars less discount on the same—that when said note matured said Carl Steffens delivered to said bank a note in words and figures following, to wit:

" '$700.          St. Joseph, Mo., Sept. 25th, 1890.

" 'Six months after date, we, as principals, promise to pay to the order of the Central Savings Bank, of St. Joseph, seven hundred dollars for value received at the office of said bank in St. Joseph, Mo., with interest at the rate of ten per cent per annum after maturity.'

"Said promissory note was signed by Carl Steffens, and purported to be signed by Charles Danckmeyer. That before the maturity of said last mentioned note, and on the —— day of February, 1891, said Carl Steffens died and after said maturity the bank brought suit upon said last mentioned note against said Charles Danckmeyer, in the circuit court of Buchanan county, Missouri, and therein said Charles Danckmeyer filed answer in which he denied under oath the execution of said note so sued upon.  Upon such issue joined the finding and decision of said court was that said note was not executed by said Charles Danckmeyer, and

judgment was rendered accordingly in favor of said Charles Danckmeyer and against said bank; that said judgment remains unappealed from and in full force and effect.

"That the officers of said bank who received said last mentioned note, supposed and believed it to have been signed by said Charles Danckmeyer, and would not have accepted said note had they believed otherwise. That the estate of Carl Steffens is totally insolvent; that since the institution of this suit said Charles Danckmeyer has died, and this suit has been revived in the name of Mary Danckmeyer, who is by his last will and testament appointed executrix thereof.

"Both parties may introduce competent evidence on any other issue or fact in the case. It is further agreed that said Carl Steffens showed said first dated note to said Charles Danckmeyer shortly after its maturity and told him it was paid.

"Plaintiff admitted that the amount of the discount received by the plaintiff upon discounting the second note should now be credited upon the note in issue."

Plaintiff also admitted that the second note was forged as to Danckmeyer and that the first note was given up to Steffens marked "paid" on the delivery by him to the plaintiff of the second note.

Defendant offered to prove that soon after the death of Steffens, Danckmeyer informed the bank that the second note was a forgery as far as his signature was concerned. Defendant further offered to prove that between the maturity of the first and genuine note and the death of Steffens, he was in good credit and could have paid the note had he been called upon. These offers were rejected by the court. The judgment was for plaintiff.

This case is in many respects like that of *Bank v.*

*Lillard*, 55 Mo. App. 675. In this case as in that the bank accepted the forged note, believing it to be genuine, and surrendered the genuine one as PRINCIPAL and surety: discharge of surety: evidence. having been paid. In this case, as in that, there was no proof of negligence on the part of the bank. In both cases there was evidence showing or tending to show that the principals in the notes, who committed the forgeries, were in such financial condition as that the money could have been collected from them, if they had been sued, and the suit prosecuted with diligence.

In this case the plaintiff bank was under no legal obligation to bring suit on the genuine note at its maturity, or to attempt to collect it from Steffens, the principal. The defendant can only defend on the ground that the action of the bank in some way prejudiced Danckmeyer. That prejudice could only come about in one way. The bank marked the genuine note paid, and gave it up to Steffens. Notwithstanding the bank did this in the belief that the note it took from Steffens in lieu of the genuine note was also genuine, yet the act enabled Steffens to exhibit the genuine note to Danckmeyer as paid, thus leading him to believe that he was not further liable as Steffens' surety. But there is in this case, as in the *Lillard* case, a total absence of proof that this worked an injury to Danckmeyer. Admitting that Steffens was in such financial condition, at the time, that Danckmeyer could have secured or indemnified himself, yet there was nothing in the case tending to show that he *would* have done so. In other words, the act of the plaintiff bank must have caused Danckmeyer to do something, or omit to do something, he, but for the act, would have done. It does not follow that Danckmeyer would have taken steps to secure himself, if the bank had not canceled the note. He might have been entirely willing to remain surety.

Especially might he, in view of the record presented here. The record shows that it was agreed that Steffens was *solvent* up to his death. It is true, however, that from the offer of proof made by defendant, we must assume his *estate* was insolvent. The *Lillard* case, *supra*, and authorities there cited, are directly applicable to this case in many particulars.

Defendant has called our attention to *Whitaker v. Kirby*, 54 Georgia, 277; *Teague v. Russell*, 2 Stewart, 420, and *Brooking v. Bank*, 83 Ky. 431, as sustaining their theory of defense. In those cases the creditors permitted the surety to remain in the belief that the debt had been paid for several years after they knew it was not. This was regarded as in bad faith to the sureties. But whether those cases are distinguishable in principle from this, or not, the rule as announced in this state is, that it must appear that the surety, in consequence of the act of the creditor, changed his situation to his prejudice. *Driskell v. Mateer*, 31 Mo. 325.

2.    Defendant further contends that there can be no recovery from the fact that when Steffens took up the genuine note and substituted the forged note, he paid plaintiff six months' advance interest on the latter and that after plaintiff had been informed of the forgery, it nevertheless elected to sue Danckmeyer on the latter and was defeated. We can not see how the law as to election of remedies can find application to such facts. Plaintiff refused to believe that the second note was a forgery, brought suit thereon and was defeated. To hold that such mistake of fact would defeat an action on a separate and distinct instrument affecting another transaction would be a great injustice to say the least.

The judgment is affirmed. All concur.