JAMES CAPP, Appellant, v. SECURITY MUTUAL
LIFE INSURANCE COMPANY, Respondent.

Kansas City Court of Appeals, April 2, 1906.

1. **LIFE INSURANCE: Default in Paying Premium: Forfeiture: Statutory Construction.** Under the provisions of section 5856, Revised Statutes 1889, that section becomes a part of the contract of insurance when a policy is issued, and after the payment of two premiums the policy cannot become void for the failure to pay premiums thereafter falling due.

2. ———: ———: ———: ———. Upon such default in payment of premiums the net amount of the policy, computed according to the mortality tables. is treated as a single payment to keep the policy alive for the full amount thereof for the length of time which such tables may show the assured entitled to.

3. ———: ———: ———: ———: **Continued Insurance: Action.** On such default the policy continued in force for the full amount thereof for the time shown by the tables, and the company on the assured's death within such period would be liable for the full amount of the policy. And this, notwithstanding the fact that the company declared the policy. void and no action can be maintained for damages arising from such declaration.

4. ———: ———: ———: ———: **New Policy.** While under section 5857, Revised Statutes 1889. the assured upon such default in the payment of premiums may, within the time limited in the statute, demand the issuance of a paid up policy, failure to do so will not deprive him of his rights under sections 5856 and 5858, since the conditions contemplated in sections 5856 and 5857 are not necessarily alike.

Appeal from Randolph Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Jack Quayle* and *Fred Lamb* for appellants.

(1) The policy was an old line, whole life, level premium contract, and as such was subject to the non-

forfeiture laws of the State of Missouri, as contained in section 5856, R. S. 1889. Jacobs v. Life Assn., 146 Mo. 538; Elliott v. Life Assn., 163 Mo. 153; Folkens v. Ins. Co., 98 Mo. App. 480; Moore v. Ins. Co., 112 Mo. App. 696. (2) The provisions of sec. 7856, R. S. 1889, now sec. 7897, R. S. 1899, were a part of the contract. Ins. Co. v. Clements, 140 U. S. 226; Cravens v. Insurance Co., 148 Mo. 605 and cases cited; Smith v. Ins. Co., 173 Mo. 339-40-41; Horton v. Ins. Co., 151 Mo. 604; Price v. Ins. Co., 48 Mo. App. 281; Cravens v. Insurance Co., 178 U. S. 389; Folkens v. Ins. Co., 98 Mo. App. 480; Moore v. Ins. Co., 112 Mo. App. 696; Pietri v. Segnenot, 96 Mo. App. 265 and cases there cited. (3) The action of the company in declaring the policy null and void and at an end on May 2, 1904, was a violation of the assured's rights under the contract which entitles him to recover damages. 19 Am. and Eng. Ency. of Law, (2 Ed.), p. 99; McKee v. Ins. Co., 28 Mo. 383; Suess v. Ins. Co., 64 Mo. App. 1; Dickery v. Assn., 82 Mo. App. 376; Puschman v. Ins. Co., 92 Mo. App. 648; Broswell v. Ins. Co., 78 N. C. 8; Meade v. Ins. Co., 51 How. Pr. (N. Y.) 1; Ins. Fund v. Bucklen, 17 S. W., 625; Ins. Co. v. Foster, 20 Times Law Rep. 715; Strauss v. Ins. Co., 36 S. E. 352; Benjamin v. Ins. Co., Supreme Court Cal., reported in Vol. 34, Ins. Law Journal, p. 614. (4) The measure of damages is the amount of premiums paid with interest. The cases cited under No. 3, to these citations may be added: Lovick v. Association, 110 N. C. 93; 14 S. E. 506; Barnes v. Ins. Co., 124 N. C. 9; 32 S. E. 323.

*W. T. Austin* and *Martin & Terrill* for respondent.

(1) Under section 5856, R. S. 1889, after two whole years' premiums are paid a policy is not to be forfeited for non-payment of premiums, but shall be subject to the rules of commutation in said section set out; that is the net value of said policy is taken as a single

premium on said policy. The applicant had only one right of choice given him, and that appears in section 5857—that was to take out a paid up policy, provided he demanded it in sixty days after his default. (2) Appellant was given a right by statute and a remedy in that he could surrender his policy in sixty days after his default and demand a paid up policy, and he is restricted to that remedy. Coats v. Acheson, 23 Mo. App. 255; Moore v. White, 45 Mo. App. 1. c. 208; Lindell's Admr. v. Railroad, 36 Mo. 545. (3) The status of the policy is fixed by the statute. R. S. 1889, section 5856. (4) Appellant had but one remedy after default in payment of premiums. Section 5857, R..S. 1889. (5) Having failed to pursue that remedy appellant has no right to meddle with said policy. It now belongs to the beneficiaries. Coats v. Acheson, 23 Mo. App. 255.

ELLISON, J.—The plaintiff sued defendant for an alleged violation of the terms of its contract of life insurance, as governed by the statute. The judgment in the trial court was for the defendant.

It appears that the amount of the policy ($2,000) would have been payable to two minor children of the plaintiff at his death. The policy was issued in November, 1891, and plaintiff paid the semiannual premiums thereon, for nine years and six months, amounting to $312.55. Plaintiff then failed to pay the premiums for about three years, when he wrote defendant for a settlement. The defendant answered by stating that the policy had lapsed for non-payment of premiums, that it had become null and void and that it had no surrender value.

Plaintiff's action is for damages. The theory, upon which he supports his action, as set forth in his petition, is that under the statute of 1889 (sec. 5856) the policy at the time of his default had a net value or reserve and that it became the duty of defendant to apply three-

fourths of such net value to the purchase of temporary extended insurance as provided by the statute, which, if done, would have extended his policy for a period of at least six years after the default. But that instead of so doing, defendant declared the policy forfeited on account of the default, as was illegally provided in the policy. That defendant's object and purpose in so doing was to unlawfully appropriate the premiums he had paid and the net value of the policy aforesaid, which had accrued at the date of his default.

The provisions of section 5856, Revised Statutes 1889, referred to by plaintiff, became a part of the contract between the parties when the policy was issued. By the terms of that section, the policy, after the payment of two annual premiums, could not become void for failure to pay premiums thereafter falling due. But upon default at any time after two annual premiums had been paid, the net value of the policy at default, computed according to mortality tables, is to be considered and taken as a single premium which shall keep the policy alive, for full amount thereof, for the length of time which mortality tables may show the assured entitled to, considering his age. The effect of plaintiff's default in the payment of premium was not to annul the policy. The statement of defendant that it was annulled was ill-advised, but had no effect on the force of the statute, nor the validity of the policy. The policy, on such default, without further action by the insured continued in force for the full amount thereof, for the length of time which its value (ascertained as pointed out in the statute) considered as a single premium, would pay for. The first default in the payment of a premium was in May, 1901, and it is stated in plaintiff's brief that at that time the value of the policy was sufficient to equal a single premium covering a period of six years. If that is a correct calculation under the statute, the policy is yet alive and will continue to be until May 1907. Under the policy

as controlled by the law, the plaintiff has received and will continue to receive the full consideration for the premiums he has paid, that is to say, he has been insured during all the time since his default and will continue to be so insured until the time covered by the value of his policy at his default, expires. If he had died after the default, or if he should yet die within the time to which the statute had extended the policy, the company would be liable for the full amount named therein. As already said, its statement that the policy had become forfeited was of no consequence. It seems, therefore, clear that he has not sustained any damage, and that the court's peremptory instruction for defendant was properly given.

II. In thus disposing of the case, we reject the suggestion by defendant that plaintiff's only relief or mode of procedure after his default, was to demand of the company within sixty days after the beginning of the extended insurance that it issue a new paid up policy, provided for in section 5857. An assured, under the conditions named in such section, may within the time limited demand the issuance of a paid up policy. But he is not to be deprived of the right vouchsafed to him by the terms of sections 5856 and 5858, and if he does not make such demand. The conditions contemplated in sections 5856 and 5857 are not necessarily alike.

We have examined the authorities collected by plaintiff's counsel, as well as their argument in connection therewith, and while the propositions therein maintained are sound, yet we take the view stated by counsel for defendant that they are not applicable to the peculiar facts of this case. The judgment is therefore affirmed. All concur.