ELIZABETH HARTWIG et al., Respondents, v.
SECURITY MUTUAL LIFE INSURANCE
COMPANY, Appellant.

**Kansas City Court of Appeals, November 25, 1912.**

1. **RES ADJUDICATA: Distinction.** When the very cause of action decided is again made the subject of an action between the same parties, all matters which might have been litigated will be considered *res adjudicata*. But if the second action is different, the judgment only concludes the parties as to all matters actually decided.

2. **ELECTION OF REMEDIES: Mistaken Remedy: Choice.** Before one can be held to have exercised an election of remedy, so as to bar a subsequent action, he must have had, in point of fact, more than one remedy from which to choose. If one erroneously asserts a remedy which he supposed he had, and fails, it will not hinder his subsequently prosecuting his real remedy.

3. **———: ———: ———: Extended Insurance: Statute: Subsequent Action.** One had a policy of life insurance upon which he paid premiums for several years. The company notified him it had been forfeited for default in payment of last premium due. He, thinking he could rely upon his having been behind in other payments without complaint from the company, instituted his action for damages to recover the premiums paid, with interest. He was defeated in that action. Subsequently he died, without any further payments, but within the time to which his insurance was extended by the statute. In a suit on the policy by his heirs, it was *held* that the former action was not a bar to the second, either under the rule of *res adjudicata*, or election of remedies.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

AFFIRMED.

*H. D. Hinman* and *Sparrow, Page & Rea* for appellant.

*Busby Bros. & Withers* for respondents.

ELLISON, J.—Plaintiffs are the widow and children of John Hartwig, and they instituted this action on a policy of life insurance issued on the 21st of August, 1891, on the life of Hartwig, who died in September, 1910. He was to pay premiums semi-annually and he did so up to and including that for the first half of the year, 1906. He failed on the last half of that year, due in August, and the defendant for that reason thereafter declared his policy forfeited and of no further force. He felt that the forfeiture was wrongful, for he insisted there was a custom under which defendant had permitted him, at past times, to pay premiums a few days after they were due, and by such conduct had led him to believe that no serious result would follow the delay in the instance referred to. On the idea that the custom allowed him to delay payment, he based his contention that the policy had been wrongfully forfeited, and realizing that by the forfeiture his insurance was cut off and yet defendant had retained the premiums which he had been paying for about fifteen years, he shortly thereafter brought his action against defendant for damages, being the premiums and interest on each from the time it was paid. He was defeated at the trial and did not appeal.

After Hartwig's death in September, 1910, the present action was begun, as already stated. There was a judgment for plaintiffs in the trial court and defendant has brought the case here.

The theory upon which the action was instituted is based on the statute (Sec. 5886, R. S. 1889), which provides that a life insurance policy shall not be forfeited after the payment of two annual premiums, but its net value shall be computed on the American mortality tables and the amount, less any note or other debt owing to the insurance company on account of

premiums, shall be taken as a net single premium for temporary or extended insurance for a length of time to be ascertained by calculation on the mortality tables. Such calculation, considering Hartwig's age, extended his policy to a date beyond the time he lived. In other words, the policy, by force of the statute, was in force at the date of his death.

Defendant presents four defenses: First, that the policy, by its own terms, was forfeited absolutely by defaulting in the premium; second, that the suit for damages which Hartwig instituted, with the judgment in defendant's favor, became *res adjudicata* and barred the present action; third, that by the institution of that action Hartwig made an election of his remedy, and he cannot now try another; fourth, that he abandoned his contract.

The second and third are all that require serious attention. *Res adjudicata*, in general terms, means the thing has been once adjudicated. The action here interposed as a former adjudication was based upon an alleged wrongful forfeiture of a life insurance policy, whereby the insured was damaged in the amount of the premiums he had paid, with interest thereon, while this action is by the widow and children of the plaintiff in that case and has for its object a recovery of the amount of the policy. In the former case the cause stated was to recover premiums and nothing on the policy and the issue was whether defendant had not waived a payment of premium and therefore illegally forfeited the policy. This case seeks to recover the whole amount of the policy, and no premiums, and the right to so recover was not necessarily involved in the former action. This case depends upon the policy being kept alive by the statute of extended insurance. The two causes of action are in no sense the same. "When the very cause of action once decided is again brought forward in a subsequent suit between

the parties, the judgment in the first action is conclusive and constitutes a perfect bar to the prosecution of the second, as to all matters which might have been litigated therein; whether in point of fact they were or not; for no one ought to be twice vexed about the same dispute or claim. . . . But the judgment in the first case enjoys no such prerogative if the second action is for a *different* cause of action from that contested is the first one; this is the distinction to be always seized as vital to the right determination of pleas of *res judicata,* and it will clear up a great deal of the confusion in the multitudinous decisions on the subject. In the second class of cases the judgment only concludes the parties as to points actually determined; that is, as to issues tendered or joined by the pleadings and decided; not those which might properly have been but were not; for the rights of parties ought not to be construed away." [Barkhoefer v. Barkhoefer, 93 Mo. App. 373; Dickey v. Heim, 48 Mo. App. 114.] A part of the record in the former case was introduced in evidence in this, but it does not prove, nor tend to prove, that this policy did or did not come within the statute of extended insurance. A plausible argument was made by defendant to show that the issue here was found in the other case. But "it is not enough that it may be argumentatively inferred from the judgment that the point was involved in the former case." [Dickey v. Heim, supra.] The rule does not extend to points incidentally or collaterally considered. [Ridgley v. Stillwell, 27 Mo. 128.]

It is next insisted that plaintiffs' present action is barred by the former action, under the rule as to election of remedies. It is said that Hartwig concluded to consider the policy cancelled by defendant's wrongful conduct, and elected to sue for the premiums he had paid. There are several reasons why the rule

cannot be allowed application in this case. An election or choice necessarily presupposes two or more things out of which a choice is to be made. There must, therefore, be more than one remedy existing at the time the choice is said to have been made. Therefore, if one believes he has a remedy when he has not, the rule does not apply, "for there is a difference between an election of remedies and a mistake of remedies." [McLaughlin v. Austin, 104 Mich. 489.]

If there be not two remedies in fact, there cannot be a binding choice made. The following authorities justify these statements of the law: Johnson-Brinkman Co. v. Railway, 126 Mo. 344; Henry v. Herrington, 193 N. Y. 218; Sullivan v. Ross' Estate, 113 Mich. 311, 318; Metcalf v. Williams, 144 Mass. 452; Snow v. Alley, 156 Mass. 193; Fuller-Warren Co. v. Harter, 110 Wis. 80; Clark v. Heath, 101 Me. 530; Bank v. Danckmeyer, 70 Mo. App. 168; Hill v. Combs, 92 Mo. App. 242; 7 Ency. Plead. & Prac., 361; 15 Cyc. 252; 24 Am. & Eng. Ency. (2 Ed.), 816.

It is manifest that Hartwig did not have two remedies in point of fact. We may concede that he supposed he had, when he instituted the action for damages. But he was in error in thinking he had that right. The record shows he lost. Defendant defeated him in his effort to get back the premiums, and now if it defeats the policy also, it will have gained, through the law, an unconscionable victory. The fact that a party wrongly supposes he has two rights and chooses the one to which he is not entitled, "is not enough to prevent his exercising the other, if he is entitled to that. There would be no sense or principle in such a rule." [Snow v. Alley, supra.] "The plaintiff's previous action was fruitless, because she had no right to maintain it, upon her own showing; but that did not preclude her from, subsequently, bringing an action, in which she asserted a right which she possessed.

She had made no election, for there was no choice of remedies against the defendant, and in suing him with others, as for a conspiracy, she mistook, or misconceived, her remedy and was dismissed; but she did not forfeit her legal right to bring this action to recover from the defendant what he owed her. Any step, or action, taken by her, which was fruitless, because proceeding upon a misconception of the rights which the law gave her, left her unaffected as to any legal remedy which she did possess." [Henry v. Herrington, 193 N. Y. 218.]

In Capp v. Insurance Co., 117 Mo. App. 532, there was no refusal of premium by the insurance company; none was offered. The insured, after having paid a number of premiums, tired of the contract and quit paying, and the company undertook to forfeit the policy when in fact, under the statute, it was nonforfeitable, since he was entitled to extended or paid up insurance based on the value of his policy when he ceased to pay. He brought his action, basing it upon the statute for extended insurance, of the benefit of which statute he alleged defendant had deprived him by the forfeiture. We decided that the statute for extended insurance was a part of the contract and that, therefore, there had not been and could not be a forfeiture and that the policy was still a subsisting contract for the statutory extended time and therefore no damages had accrued to him. While the point here involved was not discussed, it was assumed that Capp's unsuccessful action for damages would not bar an action on the policy if he died within the extended time. It was not decided in the Capp case that where one, wishing to continue his insurance, tenders his proper premium and the insurance company wrongfully refuses to receive it, he cannot treat the contract as at an end and sue for all premiums which he had theretofore paid. We did not consider that proposition;

and though we have been cited to Smith v. Insurance Co., 173 Mo. 329, as holding that an insured cannot waive his statutory right to extended insurance except as provided by the statute, and to Bishop v. Insurance Co., 85 Mo. App. 302, as, in effect, deciding that he could, we do not believe that question to be involved in this case. It is true Hartwig brought the former action for damages on the ground that his policy had been wrongfully forfeited; yet it was shown by the result that he had mistaken his remedy, and we have already seen such mistake will not bar the present action.

The further ground is claimed that Hartwig abandoned the policy. We do not see any evidence in the record of an intention to abandon. It was not pleaded and was not submitted as an issue.

Other suggestions against the judgment have been noted, but we have not found anything to justify a reversal, and it is therefore affirmed. All concur.