(Judges of the 4th district sitting by designation.)

LOUIS E. BEDINGER v. ELMER STEVIE.

1. **Party Obtaining Judgment on Contract cannot Deny Binding Effect thereof.**

    In an action upon a contract, the party who defends the contract and obtains judgment thereunder cannot thereafter say that the contract is not binding on him because the other party failed to fulfill his part in some minor respect.

2. **Party Electing Remedy to which He was not Entitled not Precluded from Resorting to Proper Remedy.**

    An election of remedies presupposes the existence of more than one remedy, and where it developes that as a matter of fact the plaintiff was mistaken in the belief that he had two remedies, his attempt to avail himself of one to which he was not entitled does not preclude him from resort to the remedy which the law gives him.

[Syllabus by the court.]

ERROR.

*Dolle, Taylor & O'Donnell,* for plaintiff in error.
*Cobb, Howard & Bailey,* for defendant in error.

**SAYRE, J.**

The suit in replevin was brought on the theory that the contract between the parties was at an end and that the automobile was the property of Stevie. The result of the suit in the court of common pleas decided the question of the ownership of the automobile in favor of Stevie, and because of his election to take the judgment in place of the automobile, that judgment stands in its place and this case must be considered as if Bedinger now had the automobile as provided in the original contract. Besides, Bedinger can not now complain of Stevie's failure to supply the accessories, because when suit was brought against him for the automobile he stood by the contract against Stevie's assault upon it, and succeeded in the action, upon the theory

that the contract was in force and binding upon both parties. He can not now say that the contract is not binding upon him because Stevie has failed in some minor respect to fulfill his part of the contract.

Counsel for plaintiff in error lay special stress upon the contention that Stevie, having elected to treat the contract as at an end when he brought the suit in replevin, can not now, upon the theory that he has fulfilled his contract, maintain this action. The argument is, that Stevie's theory, when he brought the suit in replevin, was that the contract was an executory one, that he had performed in full, that Bedinger had not performed at all, and therefore he had a right to treat the contract as at an end, and that there were two courses open to him; either to sue upon the contract for damages for the breach, or to treat the contract as rescinded and recover back his property; and further, that having elected to treat the contract as at an end and having sued to recover the automobile, he can not now sue upon the contract.

Counsel cite in support of their contention the case of *Morris* v. *Rexford,* 18 N. Y. 552, and many other cases, all of which we have examined, but we refer especially to *Morris* v. *Rexford, supra,* because the facts in that case are simple and for a further reason which will be referred to later. In that case there was evidence of a sale of two boat loads of oats and that the sale was for cash, that the vendee took possession but on his failure to make payment the vendor brought suit in replevin and got possession of the oats. The court held that this was a disaffirmance of the sale and evidence in bar of a subsequent suit for the purchase money. Now it is clear that if the sale of the goods was for cash and the vendee did not make immediate payment and he was in possession, then two courses were open to the vendor; either he could elect to treat the transaction as a valid sale and the title in the vendee and sue for the purchase money, or he could disaffirm the sale and elect to recover the possession of the property by replevin. But suppose he elected to disaffirm the contract and bring suit in replevin and it should appear on the trial that there was not to be a cash payment and the title had passed to the vendee, would the judgment in that

Bedinger v. Stevie.

case be a bar to a suit for the purchase money? How is the plaintiff to know when he has two courses open to him? If the facts are beyond dispute then he would know, but this is infrequently the case in a lawsuit. Must he elect at his peril? Courts ought to hesitate a long time before putting the stamp of approval on such rule as that. It would seem that when the plaintiff brings a suit, on the theory that it is the proper one, and he fails in the litigation because he was not pursuing the proper remedy or course, then such litigation forever establishes the fact that he did not have two courses open to him, but only one. When the vendor, above referred to brought his suit in replevin, if it turned out on the trial that the payment was not to be cash, then he never had two courses open to him and there never was any occasion for an election. Attention is called to the following language at the close of the opinion in *Morris* v. *Rexford, supra:*

"If it should appear on another trial that no such right of election existed, then the replevin suits will have no effect at all upon the present controversy, and the plaintiff will be entitled to recover provided the jury shall again find the defendant was the purchaser.   *   *   *   What effect a final recovery in the present suit may have upon the replevin need not now be considered, further than to observe that such a recovery will necessarily determine that the prior actions of replevin are not maintainable."

This language is referred to in the case of *Barnsdall* v. *Waltemeyer,* 142 Fed. Rep. 415, 420, [73 C. C. A. 515]. In this last named case Waltemeyer brought suit to rescind the agreement for the fraud of Barnsdall, and failed. Later he brought suit to recover $10,000 on the contract which he sought to set aside. Judge Sanborn says, p. 421, referring to the former suit:

"This was an adjudication of every issue presented in the equity suit, and, among others was a conclusive affirmation of the proposition that the plaintiff had no right to rescind, and hence no choice of remedies."

So, in the case under consideration, when Stevie failed in his replevin suit it was thereby finally adjudicated that he had

no right to treat the contract as at an end, and that originally he did not have two courses open to him and could not make any election. This conclusion is supported by *Agar* v. *Winslow,* 123 Cal. 537 [56 Pac Rep. 422; 69 Am. St. Rep. 84]; *Capital City Bank* v. *Hilson,* 64 Fla. 206 ['60 So. Rep. 189]; *Hartwig* v. *Insurance Co.* 167 Mo. App. 128 [151 S. W. Rep. 477]; *State* v. *Bank,* 61 Neb. 22 [84 N. W. Rep. 406]; *Corbett* v. *Railway,* 219 Mass. 351 [107 N. E. Rep. 60]; *Rowell* v. *Smith,* 123 Wis. 510 [102 N. W. Rep. 1].

The opinion in *State* v. *Bank, supra,* treating of the doctrine of election, p. 407, contains the following language:

"One is not precluded from resorting to a remedy which the law gives him because he has attempted to avail himself of one to which he was not entitled. It is not enough that he supposes he has two remedies and that he acts upon that supposition. He must have them."

The third paragraph of the syllabus of *Hartwig* v. *Insurance Co. supra,* reads as follows:

"An election of remedies presupposes the existence of more than one remedy at the time the election is made; and where one believes he has a remedy when he has not, the rule of election of remedies does not apply, for there is a difference between an election of remedies and a mistake of remedies."

See list of cases cited on page 478 of this opinion.

Counsel on both sides seem to think that this case should end in this court, and we agree with them in that respect.

The action of the trial court was unusually drastic, but on the whole we are convinced that the directed verdict was substantial justice; and the judgment of the court of common pleas is hereby affirmed.

**Merriman** and **Walters, JJ.,** concur.